Johnson *v.* Sanderson.

HARVARD
LAW SCHOOL
LIBRARY

ELISHA JOHNSON *v.* ALLEN SANDERSON, APT.

*School District.      Taxes.*

A committee appointed by a school district to remove the school house of the district, has no authority to assess the tax to defray the expenses of such removal, or to make out the rate bill of such tax or certify to its correctness, notwithstanding the money for the purpose was voted by the district; nor can the district confer any such authority upon such committee. The prudential committee of the district is alone authorized by law (Sec. 41, Chap. 20, p. 149, Com. Stat.,) to assess and certify the tax.

Therefore a tax warrant issued to the collector of the district by a justice of the peace, upon a rate bill made and certified by the committee appointed to remove the school house, conferred no authority upon him to collect the tax, though it was assessed to defray the expenses of such removal.

The 7th section of Chap. 81, Comp. Stat. (p. 463) construed.

TRESPASS for taking the plaintiff's heifer, of the value of twenty-five dollars, on the 25th day of February, 1859.

The taking of the heifer, and the value at twenty-five dollars, were conceded, and the case was submitted to the court on the following facts : The plaintiff was a resident of school district No. 6, in Shrewsbury, and liable to be taxed therein in the years 1858 and 1859. On the 9th day of October 1858, the defendant was legally chosen collector of the district. At a legal meeting of the district held for that purpose, October 23d, 1858, it was voted to remove the school house of the district. At

another legal meeting of the district held for the purpose, November 9th, 1858, a committee of three was chosen to remove the school house, and it was voted to raise a sum of money, not exceeding one hundred dollars, to defray the expense of removing and repairing it. The committee appointed to remove the house thereupon proceeded with the work, and after the removal was completed, and the expense ascertained (it being less than one hundred dollars,) the removing committee made up a tax bill against the persons legally liable to be taxed in the district, among whom was the plaintiff, for the amount of such expense; signed a certificate on the tax bill, and applied to a Justice of the Peace, residing in Shrewsbury, who issued a warrant to the collector, commanding him to collect the tax.

The prudential committee man of the district did not sign the certificate or give his assent thereto.

The removing committee delivered the tax bill to the defendant, with the warrant thereto attached, and the defendant called upon the plaintiff for his tax therein contained, who refused to pay it, and the defendant by virtue of the tax bill and warrant, seized the heifer in question, and advertised and sold her according to law, to satisfy the tax.

Upon these facts, the court, at the March term, 1860, PIER-POINT, J., presiding, rendered judgment for the plaintiff for the agreed value of the heifer, to which the defendant excepted.

*Sewall Fullam*, for the defendant.

*E. Fisher*, for the plaintiff.

ALLIS, J.   When a school district has voted to raise money by a tax on the lists of its inhabitants, the next step is for some proper authority to see that the amount so voted to be raised shall be justly apportioned on the lists of the inhabitants, and that a rate bill containing the names of the inhabitants, and the amounts which they are respectively liable to pay upon their lists towards such tax, be made out. This office is, by the 41st section of our statute relating to common schools, confided to to the prudential committee. They are authorized " to assess a

tax for the amount voted on the lists of the inhabitants of the district, and on lands in the district belonging to persons living out of it, and make out a rate bill of the same," and apply to a Justice of the Peace for a warrant to the collector to collect it. This assessing of the tax on the lists, and making out a rate bill, is an official duty which belongs alone to the prudential committee. They are to make out and certify the rate bill as such committee. The removing committee, as they are called, had no such authority; nor could the district confer on them any such authority. It is an authority created by law. The certificate which they signed of the correctness of the rate bill, was of no more legal authority than if made and signed by any other officer or inhabitant of the district.

It is obviously the policy of the law that a known officer, elected for that purpose at an annual meeting, shall superintend this duty—that it may be done with accuracy and integrity.

The rate bill made by the special committee for the removal of the school house had no legal validity, and could not therefore justify the officer in proceeding in its collection.

It is urged that the 7th section of the 81st chapter of Comp. Stat. (p. 463) gives authority to this committee for removal to make out the tax bill. But this is clearly an erroneous construction of the statute. Its words are "When any town, school district, &c., shall impose a tax as authorized by law, it shall be the duty of the selectmen, trustees, or committee appointed for that purpose, to make out a tax bill of such tax," &c. "Appointed for that purpose," means appointed for the purpose of making out the tax bill; and when the law specifies who the officer or committee is, that is to perform that office, it is not left to the town or district to supersede the law by their own action. The appointment of the officer is by law; of the person to fill the office by election in the district in the mode prescribed by law. In this case the prudential committee is "appointed for that purpose" by law.

It appears in this case that the prudential committee did not sign the certificate of the rate bill, or give his assent thereto. Without such official certificate by the prudential committee the tax bill was invalid. Judgment affirmed.